

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4816 | **DATE** | 12/14/2001 |
| **CASE TITLE** | JINN ZHOU vs. THE GUARDIAN LIFE INS. CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant, The Guardian Life Insurance Company of America's Motion To Dismiss is granted and the case is dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | DEC 17 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 DEC 14 PM 0:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JIN ZHOU | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01C 4816 |
| | ) | Judge Ronald A. Guzman |
| | ) | |
| | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | **DOCKETED** |
| | ) | DEC 1 7 2001 |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Jin Zhou ("Zhou"), a doctor of chiropractic, brought this suit under ERISA against Guardian Life Insurance Company ("Guardian") because Guardian has refused to provide a summary plan description and other documents relied on by Guardian when denying Zhou's claims for payments. Before the Court is Guardian's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is granted and the action is dismissed with prejudice.

### FACTUAL BACKGROUND

Jin Zhou is a doctor licensed to practice chiropractic Medicine and acupuncture in the State of Illinois. Between July of 2000 and November of 2000, Zhou treated Arleen Baker,("Baker")a participant in a group healthcare plan provided by her husband's employer, Universal Casualty Company ("Universal") under an insurance policy issued by

1

Guardian. Baker assigned the benefits of her insurance rights to Zhou, and Zhou submitted his bills to Guardian for payment. By a letter dated October 27, 2000, Guardian denied part of Zhou's claim for payment and informed Zhou that he had a right to request a review of the claim and the denial by making application to Guardian.

By a letter dated December 19, 2000, Zhou attempted to appeal Guardian's denial of payment and requested that Guardian provide him with a summary plan description ("SPD") and other documents relied on by Guardian in denying his claim.

By a letter dated June 6, 2001, Guardian informed Zhou (1) that Guardian was not the plan administrator, (2) that Zhou would need to obtain the administrator's name from the plan sponsor or from Universal Casualty Company, (3) that the SPD could be obtained from the plan sponsor, and (4) that Guardian would consider further appeal.

On June 25, 2001, Zhou filed this action, claiming that Guardian's refusal to provide the SPD and the other documents violated the reporting and disclosure requirements of the Employee Retirement Income Security Act of 1974 ("ERISA").

Guardian filed a motion to dismiss, claiming that Zhou has not exhausted his administrative remedies and has no standing to bring the action.

## DISCUSSION

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Triad Assocs., Inc. v. Chicago Housing Authority*, 892 F.2d 583 (7th Cir. 1989). A Rule 12(b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint." *Jones v. General Electric Co.*, 87 F.3d 207 (7th Cir. 1997).

A.    <u>Exhaustion of administrative remedies</u>

Exhaustion of administrative remedies is a prerequisite to bringing suit under ERISA. *Talamine v. Unum Life Ins. Co. of America*, 803 F.Supp. 198, 201 (N.D.Ill. 1992)(citation omitted). The exhaustion requirement is a means "to minimize the number of frivolous lawsuits; promote consistent treatment of claims; provide a non-adversarial dispute resolution process; and decrease the cost and time of claims settlement." *Id.*

In the instant case, Zhou does not allege he has exhausted his administrative remedies, but alleges instead that "further administrative proceedings is excused by the futility of further appeal." The exhaustion requirement is excused where the plaintiff establishes that further administrative appeal would be futile. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 402 (7th Cir. 1996). In order to come within the futility exception to the exhaustion rule, a party "must show that it is certain that [his] claim will be denied on appeal, not merely that they doubt an appeal will result in a different decision," and where a party "has proffered no facts indicating that the review procedure they initiated will not work, the futility exception does not apply." *Talamine*, 803 F. Supp. at 201.

In the instant case, as Guardian is not the Plan Administrator, it has no obligation to disclose the information requested by Zhou and its failure to disclose the information does not constitute exhaustion of Zhou's administrative remedies or evidence the futility of further appeal. In fact, when denying Zhou's request for the SPD, Guardian explained to Zhou that it is not the Plan Administrator, the party responsible for disclosing pertinent Plan documents under ERISA, and that Zhou should obtain the SPD from the plan sponsor. The fact that Zhou does not allege that he ever requested the SPD from the plan

sponsor demonstrates that Zhou did not exhaust his administrative remedies and that the futility exception does not apply.

B.     Standing

Even if Zhou had satisfied the exhaustion requirement, he has no standing to bring the suit under ERISA because the Plan expressly prohibited Ms. Baker from assigning her rights under the Plan to third parties.

"Because ERISA instructs courts to enforce strictly the terms of the plans, an assignee cannot collect [benefits under the plan] unless he establishes that the assignment comports with the plan." *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991). Where the Plan prohibits assignment, courts generally enforce the anti-assignment provisions and bar health care providers from bring suit under ERISA. *See, e.g., Simon v. Quaker Oats Employee Benefit Plan*, 2000 U.S. App. Lexis 27976 (7th Cir. 2000); Davidowitz, D.D.S. et al v. Delta Dental Plan of Cal. 946 F.2d 1476 (9th Cir. 1991); *Neurological Resources, P.C. v. Anthem Ins. Cos.*, 61 F. Supp. 2d 840 (N.D.Ill. 1999).

Here, the group healthcare plan that Ms. Baker participates contains an anti-assignment clause, which prohibits participants to assign their rights under the plan to third parties like Zhou. Accordingly, Ms. Baker's "assignment" of her rights to Zhou is ineffective and Zhou has no standing to bring the suit under ERISA.

Zhou argues that Guardian has waived the anti-assignment clause, either by making payments directly to a healthcare provider, or by not raising that clause prior to the suit or during the administrative proceedings. I find this argument weak. First, the terms of the Plan provided that Guardian may, at its option, honor a participant's direction to pay claims submitted by healthcare providers but that such payments do not operate to waive

4

the anti-assignment provision of the Plan. Plan, at pp. 26-27. Second, Guardian repeatedly reserved "all of its rights and defenses" under the Plan in its correspondence with Zhou.

Zhou also argues that the anti-assignment clause is "contradicted" by some other provisions in the Plan and that the Court therefore should construe the clause in his favor. However, the terms of the Plan establish that the provisions cited by Zhou were amended and superseded by the anti-assignment clause. Clearly, Guardian is not the Plan Administrator. Accordingly, I find that there is no contradiction or ambiguity in connection with the anti-assignment clause.

Beside the exhaustion requirement and standing argument, Guardian has presented several other arguments for its motion to dismiss, including that Zhou has sued the wrong party. As I find that Zhou has not exhausted the administrative remedies and has no standing to bring the suit, it's not necessary to consider the other arguments.

<u>Conclusion</u>

For the above reasons, Guardian's motion to dismiss is granted and the case is dismissed with prejudice.

SO ORDERED                                    ENTERED: *12/14/01*

                                              HON. RONALD A. GUZMAN
                                              United States Judge

5